United States Court of Appeals
Fifth Circuit

**F I L E D**

September 9, 2003

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

m 02-30813

PAUL ANTHONY BYFIELD,

Petitioner-Appellant,

VERSUS

JOHN ASHCROFT; JOHN W. ZIGLAR; CHRISTINE G. DAVIS; EDWARD MCELROY;
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondents-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
m 02–CV–19

Before JOLLY, SMITH, and
EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Paul Byfield appeals *pro se* the denial of his 28 U.S.C. § 2241 habeas corpus petition, in which he challenges as unconstitutional his confinement pursuant to INA § 236(c), 8 U.S.C. § 1226(c), which mandates detention of deportable aliens before a final order of removal.[1] While this appeal was pending,

[1] Title 8 U.S.C. § 1226(c)(1) provides in rele-
(continued...)

however, the Board of Immigration Appeals summarily affirmed Byfield's order of removal. His detention is now governed by INA § 241, 8 U.S.C. §1231. Therefore, the only issue raised by Byfield in this appeal, the constitutionality of his treatment under INA § 236(c), is no longer one on which this court can grant him meaningful relief. *See de la Teja v. United States,* 321 F.3d 1357 (11th Cir. 2003). Because there is no longer a case or controversy, we DISMISS the appeal for want of jurisdiction.

---

[1] (...continued)
vant part:

> The Attorney General shall take into custody any alien who SS
>
> . . .
>
> (B) is deportable by reason of having committed any offense covered in section 1227-(a)(2)(A)(ii), (A)(iii), (B),(C), or (D) of this title,
>
> . . .
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.